[Civ. No. 1758. First Appellate District.—March 24, 1916.]

J. B. MORRELL et al., Respondents, v. SAN TOMAS DRYING AND PACKING COMPANY (a Corporation), Defendant and Appellant; BALFOUR GUTHRIE AND COMPANY (a Corporation), Defendant.

SALE—PRUNE CROP—PERFORMANCE—REJECTION OF PORTION OF CROP.—
The purchaser under a contract for the sale and delivery of a crop of dried prunes, which had already received and accepted the larger portion of the crop, and requested an extension of time for the delivery of the remainder, which was accorded to it by the seller only after the manager of the purchaser had personally inspected such remainder and expressed satisfaction therewith, with the exception of a single and severable ton, which he also expressed willingness to accept if put in condition, is not justified in rejecting the whole of such remainder on the ground that the excepted ton had not been put in proper condition, but should have confined such rejection to such ton and accepted the prunes which were up to the contract requirement.

APPEAL from an order of the Superior Court of Santa Clara County denying a new trial. J. R. Welch, Judge.

The facts are stated in the opinion of the court.

Beggs & McComish, for Appellant.

S. G. Tompkins, for Respondents.

KERRIGAN, J.—This is an appeal from an order denying a new trial in an action for damages for the alleged failure of the defendant, San Tomas Drying and Packing Company, to accept and pay for a certain lot of prunes under the terms of a written contract between the parties to the action.

This case was before this court upon a former appeal, the decision of which is reported in 13 Cal. App. 305, [109 Pac. 632], and in which the facts of the case are quite fully and correctly set forth. Upon the retrial of the cause the errors of pleading and attempted proofs adverted to in that decision were in the main corrected or avoided by the plaintiffs; and, while the appellant still contends that the action was prematurely brought, the adverse views of this court upon the former

appeal as to that issue must be adhered to as the law of the case.

As to the appellant's contention that the rejected prunes did not meet in point of quality the requirements of the contract, and that for that reason they were entitled to reject them as a whole when offered as a whole, the evidence shows the following to be the facts: The prunes were grown upon several orchards owned or leased by the plaintiffs in the vicinity of Wright's station in the Santa Cruz Mountains during the season of 1907. The contract for the purchase by the defendant of the crop when dried by the plaintiffs was entered into in the month of July of that year while the prunes were still upon the trees. Such contract requires "All fruit to be sound and merchantable and well dried, free from slab, of choice quality, and delivered f. o. b. packing house situated on the Infirmary road, Santa Clara county, California; delivery to be made as directed, final delivery before November 30, 1907." The total amount of prunes grown was, when dried, 172,698 pounds, and of this amount 134,132 pounds were delivered to and accepted by the defendant within the time fixed by the contract. The reason the remainder of the crop, amounting to 38,566 pounds, was not also offered for acceptance during said time was, as testified by the plaintiffs, that the defendant requested that such further delivery be delayed for the reason that its bins were full. In accordance with this request the time for shipment and receipt of the remainder of the prunes was extended until January 1, 1908, when a further extension was requested by the defendant, but before granting it the plaintiffs insisted that the defendant's manager should inspect this remainder of the prunes upon plaintiffs' premises in order, apparently, that they might be assured that the prunes would be accepted when finally delivered. The defendant's manager accordingly went during December, 1907, to the plaintiffs' premises, and there fully examined the undelivered fruit, and, after doing so, said that the prunes were all right with the exception of one separate pile of about a ton, which contained a few soft prunes; and he then stated that if the soft ones were in condition when he received the balance of them he would accept them also. On January 14, 1908, the defendant requested that the time limit of plaintiffs' delivery under the contract be further extended to May 1, 1908, for the reason evidently that its bins were

still overcrowded.   In its letter requesting such extension the following language was used: "Regarding the pile I expressed my doubts about as to its condition, same will be accepted subject to their being in suitable condition when the time comes for delivery."   The plaintiffs upon receipt of this letter put the ton of prunes which had been objected to through an evaporating process, that being the only method of further drying them available at that season of the year, and thereafter and in the month of April, 1908, tendered for delivery the aforesaid remainder of his crop as a whole.   The defendant refused to accept the prunes as a whole, but made no offer to accept less than the whole or to take the admittedly good prunes if the one ton of evaporated prunes were eliminated from the lot.   The plaintiff thereupon sold the entire lot at auction in the nearest available market, and then brought suit to recover the difference between the proceeds of such sale and the contract price.

The foregoing statement of the record impels us to the conclusion that while it was the right and duty of the plaintiffs to make a tender of this remainder of their crop of prunes for delivery to the defendant as a whole; and while it would have been the right of the defendant, had all of the prunes been up to the standard specified in the contract, to require such delivery of the whole of this remainder of the prunes, and to refuse to accept them unless thus offered as a whole, it was not the right of the defendant to refuse to accept any of those prunes, for the reason that the one ton to which he had formerly objected were not in proper condition.   At the time of the inspection of these prunes by the defendant's manager in December, 1907, and after his objection to this single and severable small lot of them, he plainly led the plaintiffs to believe that the remainder of their prunes, with the exception of this single ton, would be received and accepted whenever offered for delivery; and the express intimation of his letter of January 14, 1908, is to the same effect.   Under these circumstances, having already received and accepted the larger portion of the plaintiffs' crop when delivered in November, and having requested the extension of time for the delivery of the remainder of the crop, and having been accorded such extension only after its manager had personally inspected the remainder of the crop, and been satisfied with all of it except the single ton, and having suggested that the latter, if put in

condition by the plaintiffs, would also be accepted, and the plaintiffs having then and there and at that season of the year adopted the only available method of putting such single ton of prunes in condition, and having apparently claimed and believed that they had done so, and then tendered this remainder of their prunes for delivery as a whole, the defendant should have offered to accept all of the prunes which were admittedly up to the contract requirement, and should have confined its rejection to the single ton which, it still claimed, was not in like condition, and which was separate and severable from the rest. In other words, having already received and accepted the larger portion of these prunes, and having already expressed itself satisfied with all of the remainder with the exception of the single and severable ton, and having stated that these, when put in condition, would be accepted also, it was the duty of the defendant to have confined its rejection of the plaintiffs' final tender to the single, severable, small lot, of evaporated prunes, and by so doing have enabled the plaintiffs, by delivering the rest, to limit the dispute between them to the only portion of these prunes to which the defendant had a valid objection. Not having done this the defendant is in no position to complain because the plaintiffs acted upon its unqualified and unjustifiable rejection of the remainder of their prunes as a whole, and took the only method of ascertaining their damage which is provided by law.

The other contentions of the defendant we find to be without merit.

The order is affirmed.

Lennon, P. J., and Richards, J., concurred.